**WO**

1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                      FOR THE DISTRICT OF ARIZONA

9

10

11

12   Charles E. Dugay,              )
                                    )
13                 Plaintiff,       )    No. CIV 06-1663-PHX-RCB
                                    )
14           vs.                    )         O R D E R
                                    )
15   JPMORGAN CHASE (formerly       )
     Bank, One), and [sic] New      )
16   York Corporation, and DOES     )
     1-10, inclusive                )
17                                  )
                   Defendants.      )
18   ───────────────────────────── )

19      Pending before the court is a motion by defendant JPMorgan

20   Chase Bank, N.A. ("JPMC"),[1] to dismiss this action with prejudice

21   pursuant to Fed. R. Civ. P. 12(b)(6) because it was not timely

22   filed (doc. 5).

23                          *Background*

24      On approximately January 11, 1999, plaintiff Charles E. Dugay,

25   "was hired as a Customer Service Associate in [JPMC's] . . .

26   Phoenix office[.]" Doc. 1, exh. A thereto (Co.) at 2, ¶ 10.

27   ─────────────────

28      [1]      This defendant was incorrectly named as "JPMorgan Chase."

1  Plaintiff alleges that several years later, in mid-June 2003, he

2  was physically assaulted by a male JPMC co-worker.  Id. at 2, ¶ 11.

3  The next day, when plaintiff complained to JPMC's Human Resources

4  Office, allegedly he was advised that "the co-worker would not be

5  reassigned or disciplined."  Id. at 3, ¶ 15.

6       About ten months later, in early April 2004, plaintiff told

7  his supervisor that the co-worker who had previously assaulted

8  plaintiff was continuing to harass him.  Id. at 3, ¶ 16.  Plaintiff

9  further informed his supervisor that he was experiencing pain from

10 that assault.  Id.  In mid-July 2004, plaintiff "was granted

11 medical leave" of roughly one week "for his injuries."  Id. at 3, ¶

12 18.  Plaintiff was granted a second medical leave for nearly three

13 months, commencing on August 25, 2004.  Id. at 3, ¶ 19.  Allegedly

14 those injuries include "degenerative disease of [the] lumbar

15 spine[,] . . . nerve root compression[,] . . . uncontrollable

16 hypertension[,]" and "mild depression."  Id. at 3, ¶¶ 21-24.

17      On approximately February 2, 2005, plaintiff was terminated

18 from JPMC.  Id. at 3, ¶ 20.  Roughly a month later, on

19 approximately March 1, 2005, plaintiff filed a Charge of

20 Discrimination with the Arizona Civil Rights Division of the United

21 States Equal Employment Opportunity Commission ("EEOC"), alleging

22 that defendant JPMC violated the Americans with Disabilities Act,

23 42 U.S.C. § 12101 et seq. ("ADA").  Id. at 3, ¶ 25; see also Doc.

24 5, exh. A thereto; and Doc. 6, exh. A thereto.  In that Charge,

25 plaintiff further alleged that he had been "retaliated against for

26 opposing practices made unlawful under the [ADA]."  Doc. 5. exh. A

27 thereto at 2.

28      On June 28, 2005, the EEOC mailed a Notice of Right to Sue,

-2-

1  expressly issued at plaintiff's request.  Id., exh. B thereto.  In

2  that Notice it warns aggrieved persons such as plaintiff that

3  "[his] lawsuit under . . . the ADA must be filed in federal or

4  state court **WITHIN 90 DAYS** of [his] receipt of th[at] Notice or

5  [his] right to sue based on this charge will be lost." Id.

6  (emphasis in original).  That Notice further advised plaintiff that

7  "[t]he time for filing suit based on a state claim may be

8  different." Id.  The EEOC mailed plaintiff this Notice on June 28

9  2005. See id.  Thus, based upon the plain and unequivocal language

10 of the EEOC Notice of Right to Sue, plaintiff had until

11 approximately September 28, 2005, in which to file the present

12 action.

13      However, plaintiff did not file this action until about eight

14 months later, on March 1, 2006, when he filed a complaint in

15 Arizona state court, alleging one "count" of retaliation and a

16 "count" under the ADA.  Doc. 1, exh. A thereto at 3 and 4.  As to

17 the latter, plaintiff alleged that he was suffering from a "serious

18 medical condition" in the form of "depression [and] hypertension,"

19 and that JPMC did not provide him with a "reasonable accommodation"

20 for those conditions. Id. at 4, ¶ 29.  Instead, according to

21 plaintiff, JPMC terminated him. Id.  Plaintiff's retaliation claim

22 is less clear.  Without specifying whether he is asserting such a

23 claim under the ADA, or some other form of retaliation, plaintiff

24 alleges that because he complained to his superiors about the

25 assault by his co-worker, he was terminated. See id. at 4, ¶ 27.

26 On June 29, 2006, JPMC removed the action to this court based upon

27 federal question jurisdiction and, alternatively, diversity

28 jurisdiction.

- 3 -

1

***Discussion***

2 ***I.   Defendant JPMC***

3      ***A.   Consideration of Extrinsic Evidence***

4      Preliminarily, the court must consider the scope of the

5 matters which it will consider on this motion to dismiss.  "Because

6 Rule 12(b)(6) focuses on the 'sufficiency' of a claim - and not the

7 claim's substantive merits - 'a court may [typically] look only at

8 the face of the complaint to decide a motion to dismiss.'"

9 Catholic League for Religious and Civil Rights v. City and County

10 of San Francisco, No. C 06-2351 MHP, 2006 WL 3462879, at *2 (N.D.

11 Cal. Nov. 30, 2006) (quoting Van Buskirk v. Cable News Network,

12 Inc. 284 F.3d 977, 980 (9th Cir. 2002)).  There are exceptions to

13 this general rule, however.  On a Rule 12(b)(6) motion a court "may

14 consider documents attached to the complaint, documents relied upon

15 but not attached to the complaint when the authenticity of those

16 documents is not questioned, and other matters of which the Court

17 can take judicial notice."  Humboldt Baykeeper v. Union Pacific

18 Railroad Company, No. C 06-02560 JSW, 2006 WL 3411877, at *1 (N.D.

19 Cal. Nov. 27, 2006) (citing, *inter alia*, Branch v. Tunnell, 14 F.3d

20 449, 453-54 (9th Cir. 1994), overruled on other grounds, Galbraith

21 v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002)).

22      Applying the foregoing rules to the present case, on this

23 motion the court will consider the EEOC Charge, as JPMC urges.

24 Although that Charge is not attached to the complaint, the

25 complaint references it, doc. 1, exh. A thereto at 3, ¶ 25; and the

26 parties do not dispute its authenticity.  In fact, both the

27 plaintiff and JPMC include the Charge as an exhibit to their

28 respective motion papers.  See Doc. 5, exh. A thereto; and Doc. 6,

1  exh. A thereto.  In addition, also as JPMC urges, as it must the

2  court will take judicial notice of the EEOC Notice of Right to

3  Sue,[2] despite the fact that that Notice is not attached to the

4  complaint and not referenced therein.  See Mack v. South Bay Beer

5  Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986) (court may

6  take judicial notice of records and reports of administrative

7  bodies without converting a motion to dismiss into one for summary

8  judgment), abrogated on other grounds by Astoria Fed. Sav. & Loan

9  Ass'n v. Solimino, 501 U.S. 104 (1991); and Gallo v. Board of

10  Regents of Univ. of Cal., 916 F.Supp. 1005, 1007 (S.D. Cal. 1995)

11  (court may consider EEOC charge and right-to-sue letter in deciding

12  a motion to dismiss either as a matter attached to the complaint or

13  as records subject to judicial notice).

14      In its reply, JPMC requests that the court *not* consider

15  certain other evidence and factual assertions which plaintiff

16  includes in his response.  In particular, JPMC asks the court to

17  disregard a copy of a $1,200.00 check dated March 1, 2006, and made

18  payable to plaintiff's then-attorney.[3]  That check is an exhibit to

19  plaintiff's Response.  See Doc. 7, exh. B thereto.  JPMC further

20  requests that the court decline to consider the purported

21  statements by two employees of the "Office [o]f [t]he Attorney

22  General (Civil Rights Division) in Tucson," that, in effect,

23  plaintiff had until March 1, 2006, in which to file this action.

24

25      [2]   Fed. R. Evid. 201(d) requires a court to take judicial

26  notice "if requested by a party and supplied with the necessary

   information."

27

   [3]   At least since the date of removal, June 29, 2006,

28  plaintiff Dugay has been appearing *pro se*.

1  See Doc. 6 at 1.[4]   These claimed statements are discussed in

2  plaintiff's Response.   JPMC maintains that the court should not

3  consider the foregoing because they "are not alleged or

4  incorporated by reference in the Complaint."   Doc. 7 at 3.   JPMC's

5  position is well-taken.

6        Both the copy of the check and the purported statements by

7  Attorney General Office employees are outside the scope of what is

8  proper to consider on this Rule 12(b)(6) motion.   The check is not

9  attached to the complaint.   Nor are the statements attached to the

10  complaint in the form of affidavits, for example.   Likewise, there

11  is no mention in the complaint of either the check or these

12  employee statements.   Further, in contrast to the Right to Sue

13  letter, the attorney's check and the employees' statements are *not*

14  matters of public record of which this court could take judicial

15  notice pursuant to Fed. R. Evid. 201.   Thus, in resolving this

16  motion, the court will limit its consideration to the complaint,

17  the EEOC Charge which is referenced therein, and the Right to Sue

18  Notice, which is an administrative record of which the court may

19  take judicial notice.   Having so found, there is no need to address

20  JPMC's additional argument that the court should not take into

21  account the statements purportedly made by Attorney General

22  employees because such statements are "unsworn inadmissible

23  hearsay[.]" Doc. 7 at 3 (citations omitted).

24  . . .

25

26

27
_____

28      [4]   For ease of reference, the court took the liberty of
numbering the pages of plaintiff's response.

1    ***B.   Statute of Limitations***

2         ***1.   ADA***

3    To pursue discrete claims of employment discrimination or

4    retaliation under the ADA, a plaintiff must first file a timely

5    charge with the EEOC.  <u>See</u> 42 U.S.C. § 12117(a) (incorporating

6    Title VII's enforcement procedures, 42 U.S.C. § 2000e-5); <u>see</u> <u>also</u>

7    <u>Santa Maria v. Pacific Bell</u>, 202 F.3d 1170, 1176 (9th Cir. 2000).

8    "After the EEOC . . . has issued notice of the right to sue, the

9    complainant has 90 days to file a complaint in this Court[.]"

10   <u>Edwards v. Tacoma Public Schools</u>, No. C04-5656 RBL, 2006 WL

11   3000897, at *2 (W.D.Wash. Oct. 20, 2006)(citing 42 U.S.C. § 2000e-

12   5(f)(1)).   "Therefore, if a claimant fails to file the civil ADA

13   action within the ninety-day period, the action is time-barred."

14   <u>Leduc v. Micron Technology, Inc.</u>, No. CV-04-531-S-BLW, 2005 WL

15   2847427, at *2 (D.Idaho Oct. 17, 2005) (citing <u>Santa Maria</u>, 202

16   F.3d at 1176) (footnote omitted).   That 90 day period "runs from

17   the date that notice of right to sue is given to the claimant."

18   <u>Edwards</u>, 2006 WL 3000897, at *2.

19        Even though the EEOC mailed plaintiff his Notice of Right to

20   Sue on June 28, 2005, <u>see</u> doc. 5, exh. B thereto, plaintiff did not

21   file the present action until March 1, 2006 -- well beyond the 90

22   day statute of limitations for ADA claims.   In his Response,

23   plaintiff readily acknowledges that he did not file the present

24   action until March 1, 2006.   <u>See</u> Doc. 6 at 2.   Despite that fact,

25   plaintiff argues that the court should deny JPMC's motion to

26   dismiss on statute of limitations grounds because allegedly

27   plaintiff was told not once, but twice, by Attorney General

28   employees that he "had until March 1, 2006[,]" to file his

1  discrimination lawsuit.  See id.  The court declines to consider

2  those statements, however, for the reasons set forth above.

3       Plaintiff does not dispute that he received the EEOC's Notice

4  of Right to Sue, although he does not indicate precisely when.  The

5  record evidence is that on June 28, 2005, Chester V. Bailey, an

6  EEOC District Director, mailed that Notice to plaintiff at "1709

7  East Greenway Circle[,] Phoenix, AZ[,] 85042[,]" doc. 5, exh. B

8  thereto, the address which plaintiff also uses in this action.  In

9  light of the foregoing, presumably plaintiff received that Notice

10 "sometime shortly after" the June 28, 2005, mailing date, *i.e.* on

11 or about July 1, 2005.  See Veronda v. California Department of

12 Forestry & Fire Protection, No. C 99-5244 MMC, 2002 WL 1578879, at

13 *4 (N.D. Cal. July 12, 2002), aff'd without written opinion, 58

14 Fed. Appx. 363 (9th Cir. 2003); cf. Baldwin County Welcome Center

15 v. Brown, 466 U.S. 147, 148 n. 1 (1984)(presumed date of receipt of

16 Right to Sue Notice was January 30, 1981 – three days after its

17 mailing by the EEOC) (citing Fed. R. Civ. P. 6(e)("Whenever a party

18 has the right or is required to do some act or take some

19 proceedings within a prescribed period after the service of a

20 notice or other paper upon the party and the notice or paper is

21 served upon the party by mail, 3 days shall be added to the

22 prescribed period.")).  Thus, plaintiff Dugay had until 90 days

23 later, approximately October 1, 2005, by which to timely file this

24 ADA action.  Obviously, plaintiff did not do that because he filed

25 the present action five months later, on March 1, 2006.

26 Consequently, because plaintiff did not file the present action

27 within 90 days of receiving his Notice of Right to Sue, to the

28 extent he is seeking relief under the ADA, this action is time

1  barred.   Accordingly, the court grants JPMC's motion to dismiss

2  plaintiff's ADA claims on statute of limitations grounds.

3       The court hastens to add that even if the statements which

4  plaintiff attributes to the two Attorney General Office employees

5  were properly before the court, that would not change the result

6  here.   That is so because plaintiff is claiming that those

7  employees advised him of the March 1, 2006, filing date *after* the

8  expiration of the 90 day statute of limitations.   More

9  specifically, plaintiff Dugay contends that in November 2005 the

10 Attorney General employees first advised him of the purported March

11 1, 2006, filing date  See id. at 2.  Allegedly in January 2006 the

12 Attorney General employees again advised plaintiff of that March 1,

13 2006, filing date.   See id. Therefore, because the ADA statute of

14 limitations expired on approximately October 1, 2005, because he

15 did not contact the Attorney General's Office until after that

16 date, as JPMC is quick to point out, plaintiff could not have

17 relied upon representations from employees of that Office to save

18 his otherwise time-barred ADA claims.

19      The court is well aware that "[b]ecause the ninety-day period

20 is a statute of limitations, it is subject to the doctrine of

21 equitable tolling."  Leduc, 2005 WL 2847427, at *2 n.2 (citing

22 Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, 383 (9th Cir.

23 1997)).  Plaintiff has not made an equitable tolling argument,

24 however, and the court can conceive of none.  The Notice of Right

25 to Sue leaves no doubt as to plaintiff's obligations thereunder in

26 terms of explicitly informing him of the 90 day time frame in which

27 he had to timely commence this ADA action.  Even though he knew

28 enough to request a Notice of Right to Sue, after that plaintiff

1  simply was not diligent in pursuing his rights under the ADA.

2  "Equitable tolling is granted only in limited situations[.]"

3  Hargrow v. Federal Express Corporation, No. 03-0642-PHX-DGC, 2006

4  WL 269958, at *2 n.4 (D. Ariz. Feb. 2, 2006), reconsideration

5  denied in part, 2006 WL 1273833 (D.Ariz. May 9, 2006).  Further,

6  "courts have been generally unforgiving . . . when a late filing is

7  due to claimant's failure to exercise due diligence in preserving

8  his legal rights," Nelmida, 112 F.3d at 384 (internal quotation

9  marks and citations omitted); and that is precisely the situation

10 in which plaintiff Dugay finds himself.  Accordingly, the court

11 finds that this is *not* a case which warrants equitable tolling.

12          ***2.   Retaliation***

13      The exact bases for plaintiff's retaliation cause of action is

14 not clear from the complaint.  As previously noted though, in his

15 EEOC Charge plaintiff specifically asserted, *inter alia*, an ADA

16 retaliation claim.  To the extent such a retaliation claim can be

17 inferred from plaintiff's complaint, for the reasons just

18 discussed, this particular cause of action is also time barred.

19      Assuming, as JPMC does, that perhaps plaintiff is attempting

20 to assert a claim under Arizona state law for wrongful termination,

21 this claim, too, is barred by the applicable statute of

22 limitations.  "A wrongful termination claim under Arizona law, . .

23 . must be brought within one year after the cause of action

24 accrues."  Kennedy v. Honeywell Aerospace, Inc., No. CV-05-3613-

25 PHX-FJM, 2006 WL 1599608, at *1 (D.Ariz. June 5, 2006) (citing,

26 *inter alia*, A.R.S. §§ 12-541(4)), reconsideration denied, 2006 WL

27 2850034 (D.Ariz. Sept. 29, 2006).  Such a cause of action accrues

28 when a plaintiff is terminated.  Int'l Union of Elec. Workers Local

1   790 v. Robbins & Myers, Inc., 429 U.S. 229, 234-35 (1976).  Here,

2   plaintiff Dugay was terminated on February 2, 2005.  Doc. 1, exh. A

3   thereto at 3, ¶ 20.   Thus because this action was filed a month

4   after the statute of limitations had expired for a wrongful

5   termination claim, this claim is also time barred.

6   **II.   "Doe" Defendants**

7       In addition to JPMC, in his complaint plaintiff designates

8   "DOES 1-10, inclusive[]" as defendants.  Doc. 1, exh. A thereto at

9   1.   Plaintiff alleges that these unidentified defendants "are

10  liable to [him] for some or all of the matters . . . alleged" in

11  the complaint, but that he "is presently unaware of the true names

12  and capacities of said Defendants[.]" Id. at 2, ¶ 7.   Not

13  surprisingly, none of the Doe defendants were served either before

14  or after removal.   "Indeed, it is virtually impossible to serve Doe

15  Defendants because of their anonymity."   Elmore v. Schriro, No. CV

16  05-1222-PHX-MNM (LOA), 2006 WL 2355398, at *14 (D. Ariz. Aug. 4,

17  2006).   The record is silent as to whether plaintiff has made any

18  efforts to identify the Doe defendants, but given the complete lack

19  of discovery to date, it is safe to assume that he has not.

20      "Generally, the use of anonymous type appellations to identify

21  defendants is not favored."   Id.   In fact, "Rule 10(a) of the

22  Federal Rules of Civil Procedure requires the plaintiff to include

23  the names of the parties in the action."   Id. By the same token

24  though, "[t]he Ninth Circuit has [long] held that where identity is

25  unknown prior to the filing of a complaint, the plaintiff should be

26  given an opportunity through discovery to identify the unknown

27  defendants, unless it is clear that discovery would not uncover the

28  identities, or that the complaint would be dismissed on other

1  grounds."  Id. (citing Wakefield v. Thompson, 177 F.3d 1160, 1163

2  (9th Cir. 1999), citing in turn Gillespie v. Civiletti, 629 F.2d

3  637, 642 (9th Cir. 1980)).  In the present case, because

4  plaintiff's claims are barred by the applicable statute of

5  limitations, it would be futile to give him the opportunity to

6  identify and serve the unnamed Doe defendants.  Thus, the court

7  will *sua sponte* dismiss plaintiff's claims against these

8  defendants.

9                            *Conclusion*

10      To summarize, because it is clear that plaintiff Dugay did not

11  timely commence this action, and because it is equally clear that

12  equitable tolling principles do not apply here, the court hereby

13  GRANTS the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)

14  brought by defendant JPMorgan Chase Bank, N.A.  See Morales v. City

15  of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000) (internal

16  quotation marks and citations omitted) ("The district court may

17  grant a 12(b)(6) motion to dismiss on statute of limitations

18  grounds only if the assertions of the complaint, read with the

19  required liberality, would not permit the plaintiff to prove that

20  the statue was tolled.") The court further *sua sponte* dismisses

21  this action as against the unnamed defendants "DOES 1-10,

22  inclusive[.]" See Doc. 1, exh. A thereto at 1.

23      IT IS ORDERED that defendant JPMorgan Chase Bank, N.A.'s

24  motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) id GRANTED

25  (doc. 5).

26  . . .

27

28

                              - 12 -

1        IT IS FURTHER ORDERED that the claims against the defendants

2    "DOES 1-10, inclusive" are dismissed *sua sponte.*

3        DATED this 20th day of December, 2006.

Robert C. Broomfield
Senior United States District Judge

Copies to Plaintiff, pro se, and counsel of record

- 13 -